[Cite as *State v. Holgate*, 2017-Ohio-6915.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-16-1277

      Appellee                                 Trial Court No. CR0201602383

v.

Conroy Alexander Holgate                  **DECISION AND JUDGMENT**

      Appellant                                Decided:  July 21, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Stephen D. Long, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Conroy Alexander Holgate, appeals the November 9, 2016 judgment of the Lucas County Court of Common Pleas which, following appellant's guilty plea to one count of rape, sentenced him to 11 years of imprisonment and found him to be a Tier III Child Victim Offender requiring lifetime registration. Because we find no error in the proceedings below, we affirm.

{¶ 2} Pursuant to the procedures set forth in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's court-appointed counsel has filed an appellate brief and motion to withdraw as counsel. Counsel has indicated that he mailed a copy of the brief and motion to appellant and informed him that he had a right to file his own brief. Appellant has not filed a brief.

{¶ 3} Appellant's counsel states in his motion that he thoroughly reviewed the record in this case and concluded that the trial court did not commit any error prejudicial to appellant. However, in compliance with the requirements of *Anders*, appellant's counsel has submitted a brief setting forth four proposed assignments of error:

A. The trial court erred to the prejudice of appellant in accepting a guilty plea which was not made knowingly, in violation of appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, Article I, Section 16 of the Ohio Constitution; and Ohio Criminal Rule 11.

B. The trial court erred in denying appellant's motion for new counsel.

C. The trial court erred in denying appellant's presentencing motion to withdraw his guilty plea.

D. Appellant was denied the effective assistance of counsel.

2.

{¶ 4} Appellant's appointed counsel has included arguments which support these assignments of error, but concludes that they are unsupported by the record and/or by the law. Therefore, he determines that an appeal would be frivolous. We have reviewed the entire lower court's proceedings and agree that there is no merit to the errors alleged by appellant's appointed counsel.

{¶ 5} As to appellant's counsel's first potential assignment of error, we note that at the plea hearing the trial court, in compliance with Crim.R. 11(C), informed appellant of his constitutional rights; appellant was also informed of the maximum penalties and the Tier III sexual offender registration requirements, including the community notification requirements and residential restrictions. Appellant indicated that he was clear-headed and that no threats or promises were made to induce his plea.

{¶ 6} Appellant's counsel's second potential assignment of error raises the issue of the court's refusal to appoint him new counsel. Appellant's counsel's third potential assignment of error asserts the same basis to support the propriety of his presentence motion to withdraw his plea.

{¶ 7} At the October 31, 2016 sentencing hearing, appellant requested that new counsel be appointed and that he be permitted to withdraw his plea. Appellant argued that he wanted a new attorney to "take a look at the facts and circumstances" of the case. The court thoroughly questioned appellant regarding his desire for new counsel. The court also addressed counsel to confirm that she reviewed the incriminating DNA evidence with appellant and noted that counsel was able to negotiate a plea agreement

3.

which reduced his exposure by half.  The court then denied the request finding that there had been no allegation that there was a breakdown in communication between appellant and counsel.

{¶ 8} Addressing appellant's oral motion to withdraw his plea, appellant's counsel expressed that appellant felt that he had not been able to explain his version of the facts and circumstances of the case.  In order to determine the viability of a defense, the state was asked to recite its account of the facts which included the DNA test results.  The state also discussed the psychological impact of allowing a withdrawal of the plea on the minor victim.  Finally, the state noted appellant's prior gross sexual abuse conviction involving a minor victim

{¶ 9} The trial court then reviewed the factors used to assess whether there was "a reasonable and legitimate basis for [the] request."  *See State v. Greer*, 6th Dist. Lucas No. L-13-1280, 2015-Ohio-1333, ¶ 8-9.  The court first determined that the state would suffer prejudice by a withdrawal of the plea.  Next, the court found that appellant was afforded experienced representation. The court then found that appellant's plea hearing was thorough and in accordance with Crim.R. 11.  The court concluded that appellant was given a hearing on his motion to withdraw and that the court fully and fairly considered the motion.  The court noted that the timing of the motion was not unreasonable but concluded that the basis for the motion, that appellant was somehow pressured to enter the plea, was not valid.  Finally, the court noted that there was no discussion relating to whether appellant had a defense or was innocent of the crime.  The court then denied the

4.

motion to withdraw noting that his request to withdraw was simply due to a "change of heart" and was insufficient. Reviewing the court's denial of appellant's+ request for new counsel and motion to withdraw his plea, we find that the second and third potential assignments of error lack merit.

{¶ 10} As to appellant's counsel's fourth potential assignment of error, we find no basis to support a claim that trial counsel was ineffective. Counsel was able to negotiate a plea agreement which resulted in one of the two first-degree felony rape counts being dismissed. The fourth potential assignment of error lacks merit.

{¶ 11} Upon our own independent review of the record as required by *Anders*, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                    JUDGE

Arlene Singer, J.          

Christine E. Mayle, J.          _____
CONCUR.                                      JUDGE

                                  _____
                                                    JUDGE